UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN C...

FEB 17  11 47 AM '00

Civil Action No.

U S D

00cv10308DPW

| | |
|---|---|
| Louis Rasetta, Paul Hayes, William Ryan, George Davagian, Jr., M. John Dematteo, and John Shaugnessy, Jr., Trustees, International Union of Operating Engineers Local 4 Pension Fund and James T, Griffin, Peter White, Bruce Wood, Robert Leatherbee, William Ryan, and John Shaugnessy, Jr., Trustees International Union of Operating Engineers Local 4 Health and Welfare Fund,<br>    Plaintiffs,<br><br>v.<br><br>A & C Site Development, Inc. and Anthony Cataldo,<br>    Defendants. | RECEIPT # 20399<br>AMOUNT $ 150.00<br>SUMMONS ISS ___<br>LOCAL RULE 4.1 ___<br>WAIVER OF SERV ___<br>MCF ISSUED ___<br>AO 120 OR 121 ___ NO<br>BY DPTY CLK ___ C.P.<br>DATE 2-17-00 |

## COMPLAINT

NOW come the plaintiffs and state their complaint as follows:

1.  This is an action under the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), particularly 29 U.S.C. Section 1132 (a)(B)(ii), (d)(1) and (f) and Section 301 et seq., of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), 29 U.S.C., Section 185 et seq., to compel Defendants to pay an arrearage to the International Union of Operating Engineers Local 4 Pension and Health and Welfare Funds.

2.  Plaintiffs Louis Rasetta, Paul Hayes, William Ryan, George Davagian, Jr., M. John Dematteo, and John Shaugnessy, Jr., Trustees, International Union of Operating Engineers Local 4 Pension Fund and James T, Griffin, Peter White, Bruce Wood, Robert Leatherbee,



William Ryan, and John Shaugnessy, Jr., Trustees International Union of Operating Engineers Local 4 Health and Welfare Fund, are fiduciaries of trust funds ("Funds") established in accordance with the provisions of 29 U.S.C. Section 186 (c) and said Funds are "employee pension benefit plans" as defined by 29 U.S.C. Section 1002 (2). Said Funds have their principal place of business at 177 Bedford Street in Lexington, Massachusetts. This suit by said trustees is brought to enforce pension funds and health and welfare fund liabilities.

3. Defendant A & C Site Development, Inc. ("A&C") is a Massachusetts Corporation with its principal place of business at 296 Harvard Street, Medford, Massachusetts 02155; Defendant Anthony Cataldo resides at 296 Harvard Street, Medford, Massachusetts 02155.

4. Defendants A&C and Anthony Cataldo are employers in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 4 (1) of ERISA, 29 U. S. C. Section 1002(5), (11) and (12), and Section 2(2), (6) and (7) of the Act, 29 U.S. C. Section 152(2), (6) and (7).

## COUNT I

5. The agreements governing contributions for employers, like Defendant A&C, who employ Local 4 members provide, inter alia, that Defendant, A&C, would contribute certain sums to the Pension Fund and Health and Welfare Fund for each hour worked by employees subject to the agreements.

6. Defendant Anthony Cataldo, sole officer and sole shareholder of A&C, is liable for A&C's debt because the corporate shield should be pierced due to the fraudulent intent of Defendants Anthony Cataldo and A&C to use Local 4 employees but not to pay their benefits;

for the lack of respect to the seperate corporate entity by its officer and shareholder; and the degree of injustice visited upon Local 4 employees in this ERISA action. <u>Crane v. Green & Freedman Baking Co., Inc.</u>, 134 F. 3d 17 (1998).

7.  Defendants have failed to make their contributions due to said funds in the sum of $15,358.03.

8.  The aforesaid agreement further provides that in the event a company fails to make its required contributions in a timely fashion, the company is further obligated to the said Funds, in addition to the amounts owed, for interest at the annual rate of ten (10%) from the date when payment was due and for all costs and reasonable attorney's fees extended by the Plaintiff Funds in having to collect the delinquent contributions.

WHEREFORE, the plaintiffs pray that this court find judgment against Defendants A&C and Anthony Cataldo.

1.  That the said Defendants be ordered to the Plaintiffs that delinquent contributions due said Funds plus prejudgment interest in the amount of ten percent (10%) per annum form the date when each month's payment was due, pursuant to 239 U.S.C. Section 1132 (g) (1) <u>et seq.</u>;

2.  That said Defendants be ordered to submit to an audit and pay the cost of any audit which may be necessary to resolve any discrepancy or discrepancies which may arise in the amount due;

3.  That said Defendants be order to pay the plaintiffs their costs and disbursements, including their reasonable attorney's fees in this action, pursuant to 29 U.S.C. Section 1132 (g) (1) <u>et seq.</u>;

4.    That the Plaintiffs receive such other and further relief as the Court may deem just and proper.

>                             Respectfully submitted,
>                             The Plaintiffs,
>                             by their attorney,
>
>                             *[signature]*
>                             Robert O. Berger
>                             101 Merrimac Street, Suite 220
>                             Boston, MA  02114
>                             (617) 423-7575
>                             BBO#038900

Dated:    February 17, 2000